UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIC COOMER, PH.D.,

    Plaintiff,

v.   Case No.:  2:23-mc-4-JLB-KCD

MICHAEL JAMES LINDELL, MY PILLOW, INC. and DENNIS MONTGOMERY,

    Defendants.
_____/

## ORDER

Before the Court is Defendant's Motion to Compel Compliance with Deposition Subpoena (Doc. 1).[1] Neither the target of the subpoena nor Plaintiff has responded, and the deadline to do so expired. Thus, this matter is ripe. For the reasons below, the motion is granted.

### I. Background

Defendant Michael Lindell and his company are embattled in a defamation suit in the District Court of Colorado. Lindell made numerous public statements about the validity and security of the 2020 Presidential Election. Those statements are now the subject of the pending litigation.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

As part of his defense, Lindell claims he relied on information obtained "about Dennis Montgomery through talking to other people with knowledge of him and ultimately through communications directly with him." (Doc. 3 at 3.) According to Lindell, Montgomery communicated that he "used his technical skills to obtain electronic data showing that the 2020 presidential election had been hacked and vote tallies manipulated." (Doc. 1 at 6.) Lindell subpoenaed Montgomery, directing him to appear for a deposition in this District. (*Id.*)

Montgomery's attorney informed Lindell that he would not comply with the subpoena unless compelled by a court order. (*Id.* at 4; Doc. 2-1 at 103[2].) Montgomery's letter to Lindell also suggested the federal government may seek to limit his disclosures. (Doc. 2-1 at 103.) Thus far, the federal government has not intervened. And Montgomery does not appear to otherwise oppose the relief Lindell seeks. Specifically, Lindell asks the Court to "issue an order compelling Mr. Montgomery to attend his deposition at a date and time convenient to counsel, within three weeks of the order's issuance." (Doc. 1 at 10.)

## II. Standard of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any . . . claim or defense and proportional to the needs of the

---

[2] Doc. 2-1 contains multiple documents combined into a single composite file. Thus, citations to this exhibit refer to the page numbers CM/ECF generated for the composite file.

case." Fed. R. Civ. P. 26(b)(1). The typical mechanism to obtain testimony from a nonparty is a subpoena. *See* Fed. R. Civ. P. 30; Fed. R. Civ. P. 45. Written objections may be served by the nonparty, but they must be made before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). "When a party fails to respond to discovery, or provides untimely responses, whatever objections it might otherwise have had are generally deemed waived." *Gulati v. Ormond Beach Hosp., LLC*, No. 6:18-cv-920-Orl-37TBS, 2018 WL 7372080, at *2 (M.D. Fla. Dec. 17, 2018). If a party objects to a Rule 45 subpoena, it must demonstrate that compliance presents an undue burden or would require the disclosure of privileged or protected information. *Fadalla v. Life Auto. Prod., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007).

### III. Discussion

The record contains no evidence that Montgomery objected to the subpoena or sought a protective order. Lindell asserts he did neither. (Doc. 1 at 2.) Moreover, Montgomery apparently told Lindell he "will comply with the subpoenas [they] have issued only if a court orders him to . . . pursuant to a motion or motions to compel." (Doc. 2-1 at 171.) Finally, the date for Montgomery's deposition passed without his compliance. Given these facts, any objections Montgomery may have had were waived.

Further, the Court finds Federal Rule of Civil Procedure 45 satisfied. Montgomery waived service and admitted to possessing responsive information (Doc. 2-1 at 103); he was directed to attend the deposition within 100 miles of his residence (Doc. 1 at 4); and there has been no attempt to quash or modify the subpoena. Thus, Montgomery must comply with the subpoena.

As Lindell notes, under Rule 45 the Court "may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "However, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." *Golden Krust Franchising, Inc. v. Clayborne*, No. 8:20-MC-104-T-33SPF, 2020 WL 7260774, at *2 (M.D. Fla. Dec. 10, 2020). Thus, Lindell does not ask the Court to issue contempt sanctions, and the Court will not do so sua sponte. But if Montgomery does not comply, the matter will be revisited. *See Fit Tea LLC v. Alani Nutrition LLC*, No. 6:23-MC-1-WWB-LHP, 2023 WL 2351657, at *3 (M.D. Fla. Mar. 3, 2023).

Accordingly, it is now **ORDERED**:

1. Defendants' Motion to Compel Compliance with Deposition Subpoena (Doc. 1) is **GRANTED**.

2. Dennis Montgomery is **ORDERED** to attend a deposition consistent with the subpoena he was served in this matter.

3. Defendants are directed to serve this Order on Montgomery no later than July 17, 2023.

**ENTERED** in Fort Myers, Florida this July 13, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record